UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JOE NELL JOHNSON, II,

                        Plaintiff,

  -against-

RIVERHEAD CENTRAL SCHOOL
DISTRICT, et al.,
                        Defendants
----------------------------------------------------X

**MEMORANDUM & ORDER**

14-CV-7130 (DRH)(AKT)

**APPEARANCES:**

**For Plaintiff:**
Harriet A. Gilliam, Esq.
P.O. Box 1485
Riverhead, NY 11901

**For Defendant Christopher Venator**:
Catalano Gallardo & Petropoulos, LLP
100 Jericho Quadrangle, Suite 326
Jericho, NY 11753
By:    Matthew K. Flanagan, Esq.
          Melissa A. Danowski, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Joe Nell Johnson, II ("plaintiff" or "Johnson") commenced this action against the Riverhead Central School District (the "District"), the District's Board of Education and its members, certain employees of the District, and Christopher Venator, outside counsel for the District ("Venator") asserting claims for (1) violation of his due process and equal protection rights pursuant to 42 U.S.C. § 1983; (2) a hostile work environment and discriminatory treatment on account of his race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C. § 1981; and (3) violation of his rights under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, et seq., together with various state

law claims. Presently before the Court is Venator's motion to dismiss the claims asserted against him. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following allegations, relevant to the claims against Venator, are taken from the Complaint.

Johnson was a tenured teacher in the District in April 2012 when he was arrested on charges of driving while intoxicated and criminal possession of a weapon. Compl. ¶¶ 17-20, 54, 59. Following his arrest, the District brought disciplinary charges against Johnson pursuant to New York Education Law § 3020-a asserting that he had failed to disclose prior criminal convictions[1] on his employment application. *Id.* ¶¶ 42-54, 59. The proceeding was resolved by stipulation between the District and Johnson whereby plaintiff accepted a four month suspension without pay and, if found guilty of a felony relating to the criminal possession and DWI arrest, whether by plea or after trial, he would resign his position; the District reserved its right to proceed with a second 3020-a proceeding even if plaintiff was not convicted of a felony relating to that arrest. *Id*. ¶¶ 60-63.

On November 13, 2013, plaintiff entered a guilty plea "to the unclassified misdemeanor of driving while intoxicated." *Id.* ¶ 69. With respect to the weapons charge, the "District Attorney's office determined the search of Plaintiff's vehicle incident to the DWI arrest to be an illegal search [and] moved to dismiss those criminal possession of a weapon counts pursuant to

---

[1] Apparently, on March 21, 1996, while a college student, Johnson pled guilty to five counts of giving a worthless check, "a Class A Non-Person Misdemeanor," and then on May 3, 1996 pled guilty to a criminal trespass charge, at which time "charges of carrying a concealed weapon and possession of stolen property were dismissed." Compl. ¶¶ 28-29.

Criminal Procedure Law Section 210.40 based upon the fact that the People did not believe they could meet their burden at trial regarding the legality of the search." *Id.* ¶ 69. "Judge Hudson agreed with the People's characterization of the proof and the weapons charges were dropped." *Id.* ¶ 70.

A second 3020-a proceeding was commenced by the District against plaintiff on December 10, 2013, asserting the following charges:

> CHARGE 1
> On April 21, 2012, [Johnson] was guilty of misconduct in that while in Suffolk County, he operated a motor vehicle while intoxicated and was in possession of a loaded firearm, to wit: a .45 caliber handgun for which he did not have a license to possess.
> CHARGE 2
> [Johnson's] conduct on April 21, 2012 is incompatible with the standards required to be seen as a positive role model for the students that would be assigned to him as a classroom teacher in the District.

Compl. ¶ 72.

The District was represented at the hearing on the second 3020-a charges by Venator who "was responsible for advising the Board and Superintendent on the bringing of the disciplinary charges against plaintiff and representing the district in the disciplinary hearings against plaintiff." Compl. ¶ 16. Venator "took the possession [sic] that the weapon charge was never dismissed, that Judge Hudson's ruling on the District Attorney's motion to dismiss was of no effect and that [he and the District] were entitled to use the 'fruit' from the illegal search of Plaintiff's vehicle in the 3020-a proceeding based upon the argument that there had never been a Mapp hearing to determine the illegality of the search, notwithstanding the fact that the Suffolk County District Attorney, with County Judge Hudson concurring, had determined that the search

3

was illegal." *Id*. ¶ 109. During the 3020-a proceeding, "Venator made statements on the record that he had seen records and information concerning plaintiff's arrest and adjudication that were, upon information and belief, under a sealed record and which were not subject to disclosure in the administrative hearing, without any subpoena being issued by the Hearing Officer. Venator intentionally and improperly used the information in cross-examination of the owner of the weapon . . . ." *Id*. ¶ 113.[2] It is claimed that Venator "acted in violation of plaintiff's privacy and due process rights when he accessed Plaintiff's sealed records without authorization or a subpoena." *Id*. ¶ 114.

On December 24, 2013, plaintiff filed charges with the EEOC alleging race discrimination and retaliation. Compl. ¶¶ 77 and 99. "Venator, as an agent of the Defendant District, he [sic] made false and fraudulent representations to the NYSDHR and EEOC that Plaintiff had lied on his initial employment application with the District." *Id*. ¶ 203.

Plaintiff asserts a § 1983 claim against Venator with respect to the accessing of sealed records, Compl. ¶ 164, a claim for *Monell* liability, *id.* at p. 41 ("TENTH CAUSE OF ACTION (MONELL LIABILITY) TENTH CAUSE OF ACTION - VENATOR"), and two claims for fraudulent representation, one based on the statements to the NYSDHR and EEOC, *id*. ¶ 203, and the other for the statements to the NYSDHR and EEOC and "misrepresentations during the second 3020-a proceeding, regarding his access to Plaintiff's sealed file and falsely accused [sic] Plaintiff of encouraging his students to have weapons," *id.* at ¶¶ 215-17. *See also* Pl.'s Mem. in

---

[2] Although not referenced in the complaint, Plaintiff's memorandum specifies N.Y. Crim. Pro. Law § 160.50 as the basis for the sealing of the criminal records. *E.g.,* Pl.'s Mem. in Opp. at (unnumbered) p. 6 ("The conduct complained of in this case is the unauthorized access to plaintiff's Sealed criminal records regarding the weapon possession charge, in violation of CPL 160.50.")

4

Opp. at (unnumbered) p. 1.

## DISCUSSION

**I. Motion to Dismiss Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts

that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

## II. The § 1983 Claim

Section 1983 provides in pertinent part:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts that allows the court to draw the reasonable inference that the defendant acting under color of state law deprived the plaintiff of any rights, privileges or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999); *Taylor v. Sposato*, 2015 WL 5599178, *2 (E.D.N.Y. Sept. 15, 2015).

Venator moves to dismiss the 1983 claim on the grounds (1) plaintiff has not alleged deprivation of any rights secured by the Constitution or laws of the United States; (2) he was not acting under color of state law; and (3) he is entitled to absolute immunity. Because the Court agrees that plaintiff has not alleged deprivation of a right secured by the Constitution or federal law, it need not address Venator's other arguments.

According to plaintiff, Venator accessed his sealed criminal records in violation of §160.50 of New York's Criminal Procedure law and that section creates "a liberty interest in reputation or privacy and that therefore there can be a cognizable cause of action pursuant to Section 1983." Pl.'s Mem. in Opp. at (unnumbered) p. 6.

Section 160.50 provides in relevant part:

> Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision three of this section, unless the district attorney upon motion with not less than five days notice to such person or his or her attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise, or the court on its own motion with not less than five days notice to such person or his or her attorney determines that the interests of justice require otherwise and states the reasons for such determination on the record, the record of such action or proceeding shall be sealed and the clerk of the court wherein such criminal action or proceeding was terminated shall immediately notify the commissioner of the division of criminal justice services and the heads of all appropriate police departments and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding shall be sealed. . . .

N.Y. Crim. Pro. Law § 160.50 (1).

"As the legislative history of CPL § 160.50 demonstrates, the purpose of having photographs and other indicia of arrest returned is to avoid discrimination against persons who were arrested but never convicted. By enacting CPL § 160.50, the Legislature sought to afford "protection to the accused in the pursuit of employment, education, professional licensing and insurance opportunities." *Grandal v. City of New York*, 996 F. Supp. 197, 201 (S.D.N.Y. 1997). *See People v. Patterson*, 78 N.Y.2d 711, 718, 579 N.Y.S.2d 617, 587 N.E.2d 255 (1991); *Hynes v. Karassik*, 47 N.Y.2d 659, 662, 419 N.Y.S.2d 942, 393 N.E.2d 1015 (Criminal Procedure Law

§ 160.50 "serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation.").

The New York Court of Appeals has made clear that § 160.50 does not protect a constitutional liberty interest. In *People v. Patterson*, the Court of Appeals found that § 160.50 implicates no constitutional right. More specifically, the court held that it is "unrelated to any Fourth or Fifth Amendment protections." 78 N.Y.2d at 714. In *Charles Q v. Constantine*, 85 N.Y.2d 571, 576, 650 N.E.2d 839, 626 N.Y.S.2d 992 (1995), the court reaffirmed that "a violation of CPL 160.50 does not implicate constitutional considerations." The Second Circuit has also rejected the claim that a violation of § 160.60 implicates a constitutional right. *United States v. Jakobetz*, 955 f.2d 786, 802 (2d Cir. 1992) (even where there is a violation of the section there is "no authority to indicate that [a defendant's] constitutional rights have been violated;" "[a]t most" there was a violation of a "statutory right under New York law").

The courts in this circuit that "have considered, after *Patterson*, whether §160.60 protects any constitutionally cognizable interest" have uniformly held that it does not. *D.S. v. City of Peekskill*, 2014 WL 774671, *4 (Feb. 27, 2014), *aff'd on other grounds*, 581 Fed. Appx. 65 (2014) (citing *Palacio v. Goord*, 338 Fed. Appx. 37, 38 (2d Cir.2009); *Martinez v. City of New York*, 2012 WL 4447589, at *4 (E.D.N.Y. Sept. 25, 2012); *Chatmon v. Mance*, 2011 WL 5023243, at *6 (S.D.N.Y. Oct. 20, 2011); *Reeb v. Woods*, 751 F. Supp. 2d 484, 490 (W.D.N.Y. 2010); *Palacio v. Goord*, 2008 WL 87551, at *2 (N.D.N.Y. Jan. 7, 2008), *aff'd*, 338 Fed. Appx. 37 (2d Cir. 2009)); *see also Rodriguez v.* Winski, 2013 WL 5379880 (S.D.N.Y. Sept. 26, 2013); *Pritzer v. City of Hudson*, 26 F. Supp. 2d 433, 439-40 (N.D.N.Y. 1998); *Grandal v. City of New*

*York*, 966 F. Supp. 197, 202 (S.D.N.Y. 1997).

While *Anderson v. City of New York*, 611 F. Supp. 481 (S.D.N.Y. 1985), relied on by plaintiff, did sustain a section 1983 claim based on a violation of § 160.50, that case was decided before *Patterson, Constantine* and *Jakobetz.* Moreover, this case is distinguishable from *Anderson*. In *Anderson* a pattern of deliberate indifference was alleged in that the defendants ignored court orders to return photographs from the terminated action and instead used them to show witnesses of subsequent crimes to identifying Anderson as the perpetrator. *Anderson*, 611 F. Supp. at 486. No such deliberate indifference is alleged here.

Inasmuch as the alleged violation of §160.50 does not implicate constitutional considerations, it cannot support a § 1983 claim.

Even if a violation of § 160.50 could support a §1983 claim, plaintiff has not set forth a plausible claim for violation of that statute. Sealing is required when a criminal action or proceeding is terminated in favor of the accused "as defined in subdivision three." N.Y. Crim. Pro. Law § 160.50(1). According to the complaint, the gun charge was dismissed pursuant to Crim. Pro. Law § 210.40. Although § 210.40 is not one of the enumerated dismissals, subdivision three does include dismissals pursuant to § 210.20 and § 210.20 incorporates dismissals pursuant to § 210.40. *See* Crim. Pro. Law § 210.20(i) (after arraignment the court may dismiss an indictment when "[d]ismissal is required in the interest of justice, pursuant to section 210.40.") However, § 160.50 (3) provides that a dismissal pursuant to § 210.20 be of "the entire accusatory instrument." N.Y. Crim. Pro. Law § 160.50(3)(b); *see* Presier, Practice Commentaries, N.Y. Crim. Pro. Law § 160.50 (Section "deals only with situations where the entire action or proceeding was terminated in defendant's favor."). As alleged in the complaint,

only the gun charge was dismissed, not the entire accusatory instrument. Absent dismissal of the entire accusatory instrument, no records were required to be sealed, and thus no plausible claim for violation of § 160.50 has been pleaded.

The § 1983 claim against Venator is dismissed.

### III. The Monell Claim

In the tenth cause of action, plaintiff purports to assert a *Monell* claim against Venator. According to the complaint "[a]ll claims relating to the bringing of charges and the District's position in any disciplinary process which were ultra vires, accrue as 'Monell' claims against him." Compl. ¶ 16. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692–94 (1978) the Supreme Court held that a municipality cannot be liable under 42 U.S.C. §1983 unless "the challenged acts were performed pursuant to a municipal policy or custom." *Monell* concerns the liability of municipal entities. It does not impose liability on an individual for the acts of a municipal entity. Accordingly, plaintiff's *Monell* claim against Venator is dismissed.[3]

### IV. The Fraudulent Misrepresentations Claims

To state a cause of action for fraud in New York, a plaintiff must allege "(1) a misrepresentation or omission of fact; (2) made with knowledge of its falsity; (3) with scienter or an intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) such reliance caused damage to the plaintiff." *Zutel v. Wells Fargo Bank, N.A.*, 2014 WL 4700022, * 5 (Sept. 22, 2014); *accord Aydin v. Opteum Financial Servs., LLC*, 2014 WL 2612516, * 3 (June 10, 2014). Claims of fraud are subject to a heightened pleading standard, *see* Fed. R. Civ. P. 9(b), that

---

[3] The Court notes that plaintiff's memorandum in opposition does not address that portion of Venator's motion that seeks dismissal of the *Monell* claim.

"requires a plaintiff to (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197-98 (2d Cir. 2013).

In support of his motion to dismiss the fraudulent misrepresentation claims, Venator argues they are deficient because there are no allegations that the statements were made to plaintiff or that he justifiably relied upon them. Def.'s Mem. at p. 17-18. Defendants are correct. To withstand a motion to dismiss a fraud claim, the complaint must allege a misrepresentation made to the plaintiff, *see, e.g., Segal v. Firtash*, 2014 WL 4470426, *6 (S.D.N.Y. Sept. 4, 2014) and facts supporting justifiable reliance, *Premium Mortg. Corp. v. Equifax, Inc.,* 583 F.3d 103, 108 (2d Cir 2009). Both these elements are missing in this case, a fact apparently conceded by plaintiff as he does not oppose the motion to dismiss these claims.

The fraudulent misrepresentation claims against Venator (the eighth and eleventh causes of action) are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Venator's motion to dismiss the claims against him is granted.

**SO ORDERED.**

Dated: Central Islip, New York
October 21, 2015

/s/ Denis R. Hurley
Denis R. Hurley
Senior District Judge