**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOE NELL JOHNSON, II,

                    Plaintiff,

    - against -

RIVERHEAD CENTRAL SCHOOL DISTRICT;
BOARD OF EDUCATION, RIVERHEAD
CENTRAL SCHOOL DISTRICT; ANN COTTON
DEGRASSE, Individually and in Her Official
Capacity as Trustee, Board of Education, Riverhead
Central School District; GREGORY MEYER,
Individually and in His Official Capacity as Trustee,
Board of Education, Riverhead Central School District;
THOMAS CARSON, Individually and in His Official
Capacity as Trustee, Board of Education, Riverhead
Central School District; CHRISTOPHER DORR,
Individually and in His Official Capacity as Trustee,
Board of Education Riverhead Central School District;
AMELIA LANZ, Individually and in Her Official
Capacity As Trustee, Board of Education, Riverhead
Central School District; KIMBERLY LIGON,
Individually and in Her Capacity as Trustee, Board of
Education, Riverhead Central School District;
SUSAN KOUKOUNAS, Individually and in Her
Official Capacity as Trustee, Board of Education,
Riverhead Central School District; LORI HULSE,
Individually and in Her Official Capacity as Trustee,
Board of Education, Riverhead Central School District;
NANCY CARNEY, Individually and In Her Official
Capacity as Superintendent of Schools; Riverhead
Central School District; JOSEPH OGEKA, Individually
and in his capacity as Assistant Superintendent
for Personnel; DAVID WICKS, Individually and in His
Official Capacity as Assistant Superintendent of
Schools for Curriculum, Riverhead Central School
District; SAM SCHNEIDER, Individually and in his
capacity as Assistant Superintendent for Business;
DEBRA ROGERS, Individually and in Her Official
Capacity as Principal of Phillips Avenue Elementary
School, Riverhead Central School District;

**ORDER**

CV 14-7130 (DRH) (AKT)

CHRISTOPHER VENATOR, Individually and in His
Official Capacity as Agent and Attorney for the Riverhead
Central School District;

                             Defendants.
------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court has reviewed the April 21, 2016 letter from Plaintiff's counsel, *see* DE 79, as well as the April 29, 2016 response by counsel for the District Defendants, *see* DE 80. In light of the content of these submissions, the Court will permit Plaintiff's counsel to seek Court intervention as to the issues raised in her April 21, 2016 letter. If Plaintiff's counsel intends to seek relief from the Court, she must make a formal motion on notice under the Federal Rules of Civil Procedure. However, the Court cautions that there must be a good-faith basis, supported by some evidence, for making the motion – beyond solely speculation. Should Plaintiff's counsel decide to proceed with motion practice, she must first confer with counsel for the District Defendants and submit a proposed briefing schedule for the Court to review.

On a separate issue, the Court cautions counsel for the District Defendants that, based on the information he has provided thus far, the Court has significant questions whether counsel has fulfilled his oversight duties with regard to supervising the search for and production of electronically stored information. "'While, of course, it is true that counsel need not supervise every step of the document production process and may rely on their clients in some respects, counsel is responsible for coordinating her client's discovery efforts[,] both in terms of the client's duty to locate relevant information and the client's duty to preserve and timely produce that information.'" *Greene v. Netsmart Technologies, Inc.*, No. CV 08-4971, 2011 WL 2225004,

at *8 (E.D.N.Y. Feb. 28, 2011) *report and recommendation adopted*, 2011 WL 2193399 (E.D.N.Y. June 2, 2011). Counsel cannot simply turn over discovery requests to the client and step back and wait for what the client provides and rely on that information without having vetted the collection process and production itself. In this District, the failure of counsel to sufficiently oversee document retention and collection can in certain instances result in the imposition of sanctions. *Greene*, 2011 WL 2225004, at *9 (imposing monetary sanctions on the plaintiff and her counsel); *see Markey v. Lapolla Indus., Inc.*, No. 12-CV-4622, 2015 WL 5027522, at *24-*25 (E.D.N.Y. Aug. 25, 2015), *report and recommendation adopted*, 2016 WL 324968 (E.D.N.Y. Jan. 26, 2016) (imposing monetary sanctions on the plaintiffs' counsel for, *inter alia*, failing to oversee their client's document production). The Court encourages counsel for the District Defendants to revisit this issue to ensure that proper vetting and supervision of the District's production was undertaken.

**SO ORDERED.**

Dated: Central Islip, New York
May 3, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge