**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOE NELL JOHNSON, II,

                 Plaintiff,

              - against -

RIVERHEAD CENTRAL SCHOOL DISTRICT;
BOARD OF EDUCATION, RIVERHEAD
CENTRAL SCHOOL DISTRICT; ANN COTTON
DEGRASSE, Individually and in Her Official
Capacity as Trustee, Board of Education, Riverhead
Central School District; GREGORY MEYER,
Individually and in His Official Capacity as Trustee,
Board of Education, Riverhead Central School District;
THOMAS CARSON, Individually and in His Official
Capacity as Trustee, Board of Education, Riverhead
Central School District; CHRISTOPHER DORR,
Individually and in His Official Capacity as Trustee,
Board of Education Riverhead Central School District;
AMELIA LANZ, Individually and in Her Official
Capacity As Trustee, Board of Education, Riverhead
Central School District; KIMBERLY LIGON,
Individually and in Her Capacity as Trustee, Board of
Education, Riverhead Central School District;
SUSAN KOUKOUNAS, Individually and in Her
Official Capacity as Trustee, Board of Education,
Riverhead Central School District; LORI HULSE,
Individually and in Her Official Capacity as Trustee,
Board of Education, Riverhead Central School District;
NANCY CARNEY, Individually and In Her Official
Capacity as Superintendent of Schools; Riverhead
Central School District; JOSEPH OGEKA, Individually
and in his capacity as Assistant Superintendent
for Personnel; DAVID WICKS, Individually and in His
Official Capacity as Assistant Superintendent of
Schools for Curriculum, Riverhead Central School
District; SAM SCHNEIDER, Individually and in his
capacity as Assistant Superintendent for Business;
DEBRA ROGERS, Individually and in Her Official
Capacity as Principal of Phillips Avenue Elementary
School, Riverhead Central School District;
CHRISTOPHER VENATOR, Individually and in His
Official Capacity as Agent and Attorney for the

**MEMORANDUM**
**AND ORDER**

CV 14-7130 (DRH) (AKT)

Riverhead Central School District;

                                   Defendants.
---------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiff Joe Nell Johnson, II ("Plaintiff") commenced this action pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983 against the Riverhead Central School District (the "District"); the District's Board of Education and its members, Ann Cotton Degrasse ("Cotton Degrasse"), Gregory Meyer ("Meyer"), Thomas Carson ("Carson"), Christopher Dorr ("Dorr"), Amelia Lanz ("Lanz"), Kimberly Ligon ("Ligon"), Susan Koukounas ("Koukounas"), and Lori Hulse ("Hulse"); District Assistant Superintendent for Personnel Joseph Ogeka ("Ogeka"); District Assistant Superintendent for Curriculum David Wicks; District Assistant Superintendent for Business Sam Schneider ("Schneider"); District employee Debra Rogers (collectively, "the District Defendants"); and the District's outside counsel Christopher Venator ("Attorney Venator"). *See generally* Complaint ("Compl.") [DE 1]. This matter arises out of Plaintiff's termination from his employment as a tenured teacher for the District after he was found guilty of misconduct charges pursuant to New York Education Law § 3020-a. *See generally* Compl. ¶¶ 121-34. Plaintiff is African-American and he alleges, *inter alia*, that the District Defendants' decision to bring Section 3020-a disciplinary proceedings against him was racially discriminatory. *See id.* ¶¶ 145-51.

Presently before the Court are two letter motions filed by Plaintiff. The first motion seeks to compel the District Defendants to produce certain documents listed in their Third Amended Privilege Log ("TAPL"). Pl.'s TAPL Mot. [DE 67]; *see* TAPL annexed as Ex. A to Pl.'s TAPL

Mot. [DE 67-1].[1]  The second motion seeks an Order (1) compelling the District Defendants to produce the contents of Plaintiff's email account with the District; (2) compelling the District Defendants to respond to certain of Plaintiff's document requests and interrogatories; (3) compelling the District Defendants to produce the personnel files of Plaintiff's alleged comparators; (4) permitting Plaintiff to conduct more than 10 depositions in this matter; and (5) extending the deadline to complete fact discovery in this action.  *See* Pl.'s Disc. Mot. [DE 76].  The District Defendants have filed opposition to both motions.  *See* District's TAPL Opp'n [DE 69], District Disc. Opp'n [DE 78].  In addition, Attorney Venator – no longer a party to this action[2] – opposes Plaintiff's second motion to the extent Plaintiff seeks permission to depose Attorney Venator and another non-party attorney from Ingerman Smith LLC ("Ingerman Smith"), the law firm which served as the District's outside counsel.  *See* Venator Opp'n [DE 77].

Based on the parties' arguments and the applicable law, and for the reasons set forth in this Memorandum and Order, Plaintiff's motions are GRANTED, in part, and DENIED, in part.

### A.     Motion to Compel Production of Documents Listed in the TAPL [DE 67]

During the August 4, 2015 Discovery Status Conference, the Court directed counsel for Plaintiff and the District Defendants to conduct a substantive meet-and-confer regarding Plaintiff's objections to the District Defendant's Second Amended Privilege Log.  DE 58 ¶ 7.  That meet-and-confer apparently took place on August 27, 2015, following the District Defendants' tendering the TAPL to Plaintiff.  *See* Status Report [DE 65].  The Court permitted Plaintiff to make a motion to

---

[1]     Plaintiff's letter motion docketed at DE 66 is identical to DE 67 except that DE 66 does not include the TAPL as an attached exhibit.  DE 66; *see* DE 68 (labeled as exhibit to DE 66). Accordingly, the Court is terminating DE 66 as having been filed in error.

[2]     On October 21, 2015, Judge Hurley granted Attorney Venator's motion to dismiss Plaintiff's claims against him.  *See* DE 74.

address any issues regarding the TAPL which the parties could not resolve during the meet-and-confer. *See* 9/10/15 Elec. Order.

Plaintiff thereafter filed the instant motion to compel the disclosure of the following documents listed in the TAPL: Bates-stamped Document Nos. 2, 3, 6, 7, 9-17, 18-44, 46, 47, 49-57, 60, 62, 63-66, 74, 79-83, 135, 140-149, 152, 153, 165, 168-170, 186-191, 200, 201, 203, 206-209, 212, and 213. *See* Pl.'s TAPL Mot. at 1-3 [DE 67]. These documents consist primarily of emails between members of the District's Board of Education and attorneys from Ingerman Smith, including Attorney Venator. *See* TAPL [DE 67-1]. The TAPL indicates that the disputed documents listed above "have not been provided since the subject of all documents . . . are protected by attorney-client privilege." *Id.* According to the TAPL, four emails (*i.e.*, Bates-stamped Document Nos. 35-38) are also protected by the executive deliberative privilege. *See id.*

Plaintiff argues that the disputed documents are not protected by the attorney-client privilege. *See generally* Pl.'s TAPL Mot. Plaintiff contends that by asserting "reliance on the advice of counsel" as a defense in this action, the District Defendants have impliedly waived attorney-client privilege as to some of the documents. *Id.* at 1. Plaintiff also argues that the contents of many of the email communications between the Board of Education members and the District's outside counsel are not privileged because they concern (1) statements prepared in anticipation of press releases or to discuss public relations strategies, (2) human resources issues, and/or (3) investigatory reports. *Id.* at 1-2. In addition, Plaintiff asserts that the District Defendants have not provided "any legal or factual foundation" for their assertion of the executive deliberative process privilege. *Id.* at 2.[3] The District Defendants disagree with Plaintiff's

---

[3] Plaintiff further urges the Court to find that the District Defendants have waived privilege objections as to any documents which the District Defendants identified in their discovery

characterization of the disputed documents and argue that those documents are, in fact, protected by the privileges asserted in the TAPL. *See generally* District's TAPL Opp'n [DE 69].

Having considered the TAPL and the parties' arguments, the Court makes several observations. First, the TAPL indicates that some emails or portions of emails sought by Plaintiff were previously produced by the District Defendants. *See* TAPL. The Court points Plaintiff's attention to the entries for Bates-stamped Document Nos. 27, 28, 140, 142, 143, 144, 145, 149, 153, and 170. Second, while certain emails between the Board of Education members and outside counsel are described as involving the solicitation and/or receipt of "legal advice," others do not reference "legal advice" at all. *See* TAPL. For example, Bates-stamped Document Nos. 14-18, 43-44, 53-55, 62-66, 135, and 169 appear to address scheduling issues regarding the section 3020-a disciplinary proceedings brought against Plaintiff. *See* TAPL. While these conversations may not be relevant, they do not appear to involve the provision or receipt of legal advice such that they would fall under the attorney-client privilege. *See generally United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (the attorney-client privilege applies to "communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice."). Third, the Court is at a loss to understand how the District Defendants can assert attorney-client privilege with respect to the content of emails the District's outside counsel received from Catherine Battle, ***Plaintiff's*** attorney for the § 3020-a proceedings, and Jay Nadelbach, the hearing officer who presided over those proceedings.

---

responses as being in the possession of Ingerman Smith but were not listed in the TAPL. *See* Pl.'s TAPL Mot. at 1. The Court will address this contention in Section B.2. of this Memorandum and Order.

*See, e.g.*, Bates-stamped Document Nos. 14, 15, 24, 40-42, 49, 54, 66, 74, 168-69, 186-91, 203, 206-207, 209-210 in TAPL.

Ultimately, in light of the arguments raised by counsel, the Court finds that it is necessary and appropriate to conduct an *in camera* review of the disputed documents identified in Plaintiff's motion. *See, e.g., Caputi v. Topper Realty Corp.*, No. 14-CV-2634, 2015 WL 2453520, at *6 (E.D.N.Y. May 22, 2015) ("Where questions of the privilege's applicability arise, *in camera review* is a practice both long-standing and routine for resolving them.") (internal quotation marks omitted). The Court notes that the District Defendants bear the burden of proving that the disputed documents are covered under the privilege they asserted in the TAPL – *i.e.*, the attorney-client privilege and/or the executive deliberative process privilege. *See id.* at *6 (citing *Weil Ceramics & Glass, Inc. v. Work*, 110 F.R.D. 500 (E.D.N.Y. Feb.19, 1986) ("[I]n an *in camera review*, the party asserting the privilege bears the burden of proof")).

Accordingly, Plaintiff's motion to compel is GRANTED, in part. Within seven (7) days of the entry of this Order, the District Defendants shall provide Bates-stamped Document Nos. 2, 3, 6, 7, 9-17, 18-44, 46, 47, 49-57, 60, 62, 63-66, 74, 79-83, 135, 140-149, 152, 153, 165, 168-170, 186-191, 200, 201, 203, 206-209, 212, and 213 in hard copy to the Court, along with a cover letter simply stating that the documents are being sent to Chambers for *in camera* review. Only the letter is to be filed on ECF. The Court will then conduct the *in camera* review and issue its findings to all parties.

### B.  Motion for Various Discovery-Related Relief [DE 76]

Plaintiff's second motion seeks an Order:  (1) compelling the District Defendants to produce the contents of Plaintiff's District email account; (2) compelling the District Defendants to respond to Plaintiff's document requests and interrogatories to the extent set forth in the "Notice of

Deficiencies" served by Plaintiff; (3) compelling the District Defendants to produce the personnel files of Plaintiff's comparators; (4) permitting Plaintiff to conduct an additional seven depositions, thereby exceeding the presumptive limit of 10 depositions under Federal Rule of Civil Procedure 30(a)(2)(A); and (5) extending the December 31, 2015 deadline to complete discovery in this action. *See generally* Pl.'s Disc. Mot. [DE 76]. The District Defendants oppose Plaintiff's motion except to the extent Plaintiff seeks an extension of the discovery deadline. *See* District's Disc. Opp'n [DE 78]. Counsel for Attorney Venator has also filed opposition to Plaintiff's request to depose him and another attorney from Ingerman Smith, namely, Christopher Powers, Esq. ("Attorney Powers"). *See* Venator Opp'n [DE 77].

### 1. *Production of the Contents of Plaintiff's District Email Account*

Plaintiff asserts that the District Defendants have not produced "Plaintiff's e-mail account that had been established and maintained incident to his employment as a District employee[.]" Pl.'s Disc. Mot. at 1. The District Defendants respond that "[t]his issue is moot as the entire contents of the plaintiff's District email account has been provided to plaintiff on a compact disc enclosed with the District Defendants' Supplemental Response to Plaintiff's Requests for Production of Documents dated December 29, 2015." District's Disc. Opp'n at 1.

In light of the District Defendants' representations, it appears that the material has already been given to Plaintiff. The Court also notes that, while Plaintiff's motion was pending, the parties filed letters regarding the sufficiency of the District Defendants' production of Plaintiff's email. *See* DE 79, DE 80. The Court is therefore deems Plaintiff's request for his email account MOOT.

### 2. *Responses to Plaintiff's Document Requests and Interrogatories*

Plaintiff next argues that the District Defendants should be compelled to respond to certain document requests and interrogatories in accordance with the "notice of deficiencies" Plaintiff

provided to the District Defendants on September 22, 2015 and subsequently re-served on

December 2, 2015.  *See* Pl.'s Disc. Mot. at 2.  In particular, Plaintiff asserts that the District

Defendants have not adequately responded to Plaintiff's Document Request Nos. 7, 12-14, 16, and

22-25, as well as Interrogatory Nos. 3-6, 8, 9, and 11.  *See id.*

Initially, the Court points out that although Plaintiff's counsel contends that her motion

complies with Local Rule 37.1, this is clearly not the case.  *See id.* at 1.  Local Rule 37.1 states:

> Upon any motion or application involving discovery or disclosure
> requests or responses under Fed. R. Civ. P. 37, the moving party shall
> specify and quote or set forth verbatim in the motion papers each
> discovery request and response to which the motion or application is
> addressed. The motion or application shall also set forth the grounds
> upon which the moving party is entitled to prevail as to each request
> or response. Local Civil Rule 5.1 also applies to the motion or
> application.

Local Civil Rule 37.1; *see* Local Rule 5.1 ("A party seeking or opposing relief under Fed. R.

Civ. P. 26 through 37 inclusive, or making or opposing any other motion or application, shall

quote or attach only those portions of the depositions, interrogatories, requests for documents,

requests for admissions, or other discovery or disclosure materials, together with the responses and

objections thereto, that are the subject of the discovery motion or application, or that are cited in

papers submitted in connection with any other motion or application.").  To comply with these

Rules, the movant must first list verbatim the document request or interrogatory which was served

on opposing party, followed directly by the opposing party's verbatim response to the particular

request, followed immediately by the specific objection(s) counsel is raising and the basis for the

objections (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.).

Plaintiff's counsel has not even attempted to follow this protocol here.  Rather than list the

verbatim demands and responses followed by her objections, Plaintiff's counsel merely references

the disputed document demands and interrogatories by number in her motion and sets out general arguments why she believes the District Defendants' responses are deficient. *See* Pl.'s Disc. Mot. at 2. As for her objections to each individual response, Plaintiff's counsel refers to the "the reasons set forth in the notices of deficiencies" attached to the motion. *See id.*; 9/22/15 Notice of Deficiencies, annexed as Ex. A to Pl.'s Disc. Mot. [DE 76-1]. Thus, Plaintiff's counsel would have the Court to flip flop between the body of her motion and the attached notice of deficiencies in order to rule on the disputed discovery demands – a time-consuming exercise which Local Rule 37.1 was intended to avoid. The Court also points out that Plaintiff's attached notice of deficiencies does not contain all of the information the Court would need to resolve Plaintiff's motion. For example, the notice of deficiencies does not include Interrogatory No. 6 and also omits the District Defendants' responses to Interrogatory Nos. 8 and 9. *See* 9/22/15 Notice of Deficiencies. Finally, aside from a passing reference to one case, Plaintiff's counsel has not cited ***any*** supporting case law in her motion. For these reasons, the Court declines at this juncture to rule on the individual document requests and interrogatories identified in Plaintiff's motion to compel.

Notwithstanding this ruling, the Court will address certain deficiencies in the District Defendants' responses to Plaintiff's demands. As Plaintiff's counsel points out in her motion, the District Defendants have responded to many of the disputed document requests and interrogatories by stating that responsive documents "are in the custody and control of the firm Ingerman Smith," the District's outside counsel, "or that they were identified in the privilege log and therefore not subject to disclosure." Pl.'s Disc. Mot. at 2. Indeed, the September 22, 2015 notice of deficiencies reflects that the District Defendants responded to Interrogatory Nos. 3-5 and Document Request Nos. 13, 14, 16, and 22-25 by stating, *inter alia*, that "all documents responsive to this [demand]

are identified in the accompanying privilege log, were previously produced by Defendants, or are in the possession of Ingerman Smith LLP." *See* 9/22/15 Notice of Deficiencies.[4]  Plaintiff argues that this response is "inadequate" and "legally unsupported."  Pl.'s Dis. Mot. at 2.  Plaintiff also asserts that the District Defendants have waived any privilege objections as to documents identified in the District Defendant's responses as being in the possession of Ingerman Smith but not listed in the TAPL.  *See* Pl.'s TAPL Mot. at 1.

In their opposition, the District Defendants "maintain that all documents responsive to those requests identified in the plaintiff's motion have either already been produced by the District Defendants or have been identified in the Third Amended Privilege Log."  District's Disc. Opp'n at 1.  Since "[t]he disclosure of documents identified in the Third Amended Privilege Log is already the subject of a motion made by the plaintiff," the District Defendants contend that Plaintiff's objections to the withholding of those documents "need not be considered by the Court in the instant motion."  *Id.*  With respect to documents in the possession of Ingerman Smith, the District Defendants state:

> Ingerman Smith LLP was retained for the purposes of assisting the District in its investigation into the plaintiff.  The District Defendants have provided all documents responsive to the plaintiff's demands or have identified them in the Third Amended Privilege Log, but are unable to state whether a third-party, the firm of Ingerman Smith LLP, may have additional documents that the District is unaware of.  Thus, the District Defendants have responded to the best of their ability and provided full and complete responses to the plaintiff's demands subject to those documents which the Defendants believe are subject to the attorney-client privilege.

*Id.* at 1-2.

---

[4]     It is unclear from Plaintiff's submissions whether the District Defendants proffered this response to Interrogatory Nos. 6, 8 and 9 since those responses are not listed in the notice of deficiencies annexed to Plaintiff's motion.

The Court finds improper the District Defendants' response that "all documents responsive to this [demand] are identified in the accompanying privilege log, were previously produced by Defendants, or are in the possession of Ingerman Smith LLP." *See* 9/22/15 Notice of Deficiencies. First, the District Defendants may not simply assert that all responsive documents "are identified in the accompanying privilege log" without identifying **which** documents listed in the TAPL are responsive to each demand. As it stands, Plaintiff has no way of knowing which of the Bates-stamped documents listed in the TAPL are responsive to the particular demands. Thus, the District Defendants are directed to amend their responses to specifically identify the Bates numbers of the privileged documents which are responsive to each particular demand.

Second, the District Defendants' responses similarly fail to identify which responsive documents "were previously produced" to Plaintiff. *See* 9/22/15 Notice of Deficiencies. The Court presumes that the documents the District Defendants already provided to Plaintiff have been Bates-stamped just as the documents listed in the TAPL. The District Defendants therefore are to amend their responses to identify the Bates numbers of any responsive documents which were previously produced to Plaintiff. *See, e.g.*, *Torcasio v. New Canaan Bd. of Ed.*, No. 15-CV-00053, 2016 WL 299009, at *12 (D. Conn. Jan. 25, 2016) (directing the defendant to amend responses to certain requests "to identify the Bates numbers of the responsive documents" previously produced in initial disclosures), *reconsideration denied*, 2016 WL 1275028 (D. Conn. Apr. 1, 2016); *Coastline Terminals of Connecticut, Inc. v. U.S. Steel Corp.*, 221 F.R.D. 14, 19 (D. Conn. 2003) (stating that the defendant "correctly argues that it is not its burden to cull through 2,600 documents to speculate about [the plaintiff's] interrogatory responses," and directing the plaintiff to provide "a complete answer" to the disputed interrogatory "with Bates Stamp references");

Finally, the Court is particularly troubled by the District Defendants' response that documents may be "in the possession of Ingerman Smith," the District's outside counsel. *See* 9/22/15 Notice of Deficiencies; *see* District's Disc. Opp'n at 1. Such documents, assuming they exist, have yet to be produced or even identified by the District Defendants, apparently based on their mistaken belief that they are not required to search for or disclose responsive documents held by outside counsel. Indeed, the District Defendants state in their opposition that they are "unable to state" whether Ingerman Smith "may have additional documents that the District is unaware of." District's Disc. Opp'n

at 1. The District Defendants therefore assert that they have responded to Plaintiff's demands "to the best of their ability" based on the documents and materials in ***their*** possession, without regard to those held by Ingerman Smith. *Id.* at 1-2.

Federal Rule of Civil Procedure 34(a)(1) permits a party to serve discovery requests for "items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Under this Rule, 'control of documents does not require legal ownership or physical possession; all that is required is that the party have the right, authority, or practical ability to obtain the documents at issue.'" *Gruss v. Zwirn*, 296 F.R.D. 224, 230 (S.D.N.Y. 2013) (quoting *Asset Value Fund Ltd. P'ship v. Care Grp., Inc.*, No. 97-CV-1487, 1997 WL 706320, at *9 (S.D.N.Y. Nov. 12, 1997)) (internal quotation marks omitted). Accordingly, courts in this Circuit "have held that documents held by outside counsel are in the possession, custody, and control of their clients." *Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. 12-CV-1540, 2013 WL 139560, at *1 (S.D.N.Y. Jan. 11, 2013) (citing *In re Bank of Cyprus Pub. Co. Ltd.*, No. 10-MISC-23, 2011 WL 223168, at *3 n.1 (S.D.N.Y. Jan. 21, 2011) ("This stipulation is also consistent with the law's general recognition that documents in the possession of a party's attorney are deemed to be within the party's

possession, custody, or control because the party has the legal right to obtain the documents on demand."); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04-CV-5316, 2006 WL 3476735, at *4 (S.D.N.Y. Nov. 30, 2006)); *see Gruss*, 296 F.R.D. at 230.

Here, there is no question that Ingerman Smith represented the District as outside counsel with respect to the investigation of Plaintiff and the Section 3020-a disciplinary proceedings brought against him. *See* District's Disc. Opp'n at 1 ("Ingerman Smith LLP was retained for the purposes of assisting the District in its investigation into the plaintiff."). Since the District Defendants have the legal right to obtain documents from Ingerman Smith which relate to that representation, those documents are deemed to be within the possession, custody, and control of the District Defendants. *Gruss*, 296 F.R.D. at 230. This includes any documents which may fall under the attorney-client privilege, as it is well settled that "[t]he client is the holder of the privilege, and must decide when to assert or waive the privilege." *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 298 (S.D.N.Y. 2003) (citing *Application of Sarrio, S.A.*, 119 F.3d 143, 147–48 (2d Cir. 1997)).

Ultimately, the case law is clear that it was inappropriate for the District Defendants to assert their ignorance as to whether Ingerman Smith may have responsive documents when responding to Plaintiff's demands. *See* District's Disc. Opp'n at 1. Rather, the onus was on the District Defendants (1) to determine what, if any, responsive documents are being held by Ingerman Smith, and (2) to timely produce the relevant, non-privileged documents to Plaintiff, along with a privilege log which describes any documents being withheld on privilege grounds. It is unclear to the Court why counsel for District Defendants would have been unaware of these obligations. Counsel are on notice that future lapses in Defendants' discovery responsibilities such as the latter issue will be met with appropriate action by the Court.

Based on the foregoing analysis, the Court is requiring the District Defendants to contact Ingerman Smith immediately and determine whether the law firm is holding any documents, information, and/or materials responsive to the demands identified in Plaintiff's motion to compel – *i.e.*, Plaintiff's Document Request Nos. 7, 12-14, 16, and 22-25, and Interrogatory Nos. 3-6, 8, 9, and 11. Within 14 days from the entry of this Memorandum and Order, the District Defendants shall produce any responsive materials to Plaintiff. Under these circumstances, any non-privileged based objections which the District Defendants might otherwise have raised with regard to producing responsive documents, information, or materials obtained from Ingerman Smith are deemed waived. *See generally* Fed. R. Civ. P. 33(b)(4) (requiring that objections not stated in a timely manner are waived "unless the court, for good cause, excuses the failure").

Plaintiff urges the Court to find that the District Defendants have also waived privilege objections as to any documents in the possession of Ingerman Smith which the District Defendants did not include in the TAPL. "[O]nly flagrant violations of discovery rules should result in a waiver of privilege." *Chevron Corp. v. Donziger*, No. 11-CV-0691, 2013 WL 4045326, at *3 (S.D.N.Y. Aug. 9, 2013) (internal quotation marks and alteration omitted); *see, e.g.*, *Sadofsky v. Fiesta Products*, LLC, 252 F.R.D. 143, 154 (E.D.N.Y. 2008) (same). Under the circumstances presented here, the Court finds that the District Defendants' conduct, although troubling, does not rise to the level of a flagrant violation. Therefore, the Court will not require the District Defendants to produce documents from Ingerman Smith at this time which may contain privileged material. *See Chevron Corp.*, 2013 WL 4045326, at *3; *see also Gruss*, 296 F.R.D. at 230 (directing the defendant to produce notes from outside counsel for *in camera* review to "ensure that opinion work product is not produced"); *cf. Polin v. Wisehart & Koch*, No. 00-CV-9624, 2002

WL 1033807, at *2 (S.D.N.Y. May 22, 2002) ("[A]s a general rule, even if the client does not invoke work-product protection, the attorney may do so.").

Thus, to the extent the District Defendants believe that documents they obtain from Ingerman Smith are privileged, they must provide Plaintiff with a Supplemental Privilege Log identifying the responsive documents as well as the specific privilege asserted for each one pursuant to Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2. The Supplemental Privilege Log must be served on Plaintiff within 14 days of this Memorandum and Order. Failure to do so will result in a waiver of the asserted privilege in the withheld information. *See United States v. Construction Products Research, Inc.*, 73 F .3d 464, 473 (2d Cir. 1996) (failure to provide adequately detailed court-ordered privilege log waives privilege).

In sum, the motion of Plaintiff's counsel to compel responses to her document requests and interrogatories is GRANTED to the following extent. Within 14 days of this Memorandum and Order, the District Defendants shall provide Plaintiff with:

> (1) amended responses to Plaintiff's Document Request Nos. 7, 12-14, 16, and 22-25, and Interrogatory Nos. 3-6, 8, 9, and 11 which (a) identify the Bates numbers of any responsive documents listed in the TAPL or which the District Defendants have previously produced to Plaintiff; and (b) include responsive, non-privileged documents, information, and/or materials the District Defendants have received from Ingerman Smith; and

> (2) a Supplemental Privilege Log identifying the responsive documents that the District Defendants assert are privileged as well as the specific privilege they are asserting.

In all other respects, Plaintiff's motion to compel is DENIED, without prejudice, and with the right to renew within 30 days of this Memorandum and Order if the motion complies with Local Civil Rule 37.1. Plaintiff's renewed motion to compel may only address the disputed document requests and interrogatories referenced in the instant motion (*i.e.*, Plaintiff's Document Request Nos. 7, 12-14, 16, and 22-25, and Interrogatory Nos. 3-6, 8, 9, and 11). Plaintiff's counsel is expected to refer to relevant case law to support her position/objection as to each discovery demand. Further, the three-page limitation concerning letter motions is waived when filing a motion pursuant to Local Civil Rule 37.1.

Finally, if upon review of the Supplemental Privilege Log, Plaintiff believes that the District Defendants are improperly withholding documents from Ingerman Smith, the Court is directing the parties to have a meet-and-confer in an effort to resolve Plaintiff's objections. The meet-and-confer is to take place no later than **September 22, 2016**. If counsel are unable to resolve the issue after the meet-and-confer, Plaintiff's counsel may move to compel production of the documents listed in the Supplemental Privilege Log she believes are not privileged. That motion must be filed by **September 30, 2016** or the Court will deem Plaintiff's objections waived. The Court further directs that, assuming the District Defendants oppose such a motion, they also provide the Court with the disputed documents for *in camera* review by **October 7, 2016**.

### 3. *Production of Personnel Files*

Plaintiff also moves to compel the District Defendants to produce the personnel files of his alleged comparators. *See* Pl.'s Disc. Mot. at 3. Specifically, Plaintiff "seek[s] the personnel files/disciplinary files of District staff who were identified by deponents as having engaged in misconduct." *Id.* Plaintiff's counsel does not identify the alleged comparators in her motion and instead refers to her Third Request for Production of Documents attached the motion. *See id.*; Pl.'s

Third Request for Production of Documents, annexed as Ex. C to Pl.'s Disc. Mot. [DE 76-3].

According to Plaintiff, the District Defendants have not responded to these requests, which were

served as a follow-up to discovery demands Plaintiff's counsel made during depositions. *See* Pl.'s

Disc. Mot. at 3. Upon reviewing the requests, the Court notes that Document Request No. 7 seeks,

as relevant here, "[t]he personnel files and/or disciplinary files" for 18 individuals listed in the

request. *See* DE 76-3 at 4-5.

The District Defendants argue that Plaintiff has not demonstrated any need for the

personnel files of the alleged comparators identified in the discovery demand. District's Disc.

Opp'n at 2. The District Defendants note that, other than stating that these individuals were

identified as "having engaged in misconduct," Plaintiff does not describe "the nature and/or type of

misconduct" they purportedly committed. *Id.* (internal quotation marks omitted). Nor has

Plaintiff's counsel supported her request with any "factual or legal argument." *Id.* Finally, the

District Defendants assert that "[d]isclosure of entire personnel files will necessarily lead to the

disclosure of private, confidential and irrelevant information and may violate various privacy

statutes including but not limited to the Health Insurance Portability and Accountability Act of

1996 and the Family Educational Rights and Privacy." *Id.*

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense, and proportional to the needs of the case[.]" Fed. R. Civ.

P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad

concept." *Perkins v. Chelsea Piers Mgmt.*, No. 11-CV-8998, 2012 WL 4832814, at *1 (S.D.N.Y.

Oct. 10, 2012) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) (internal quotation

marks omitted)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "The

party seeking discovery bears the burden of demonstrating its relevance." *Ralph v. Town of*

*Southampton*, No. 15-CV-764, 2016 WL 3470041, at *6 (E.D.N.Y. June 16, 2016) (citing *e.g.*, *Chen–Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 554 (S.D.N.Y. 2013)).

As a preliminary matter, the Court notes that Plaintiff's application to compel production of the personnel files comprises a mere three sentences of the motion. *See* Pl.'s Disc. Mot. at 3. As the District Defendants point out in their opposition, Plaintiff has not cited any case law or otherwise provided legal support for this request. Indeed, Plaintiff's counsel did not even list the names of the alleged comparators whose personnel files she is seeking in the body of her motion. Instead, Plaintiff has again required the Court to seek out the relevant document request from an attached exhibit. As discussed in the proceeding section of this Memorandum and Order, this practice contravenes Local Rule 37.1 and the Court will not continue to accept Plaintiff's submissions which do not comply with this rule.

Considering the merits of Plaintiff's request, the Court finds that Plaintiff's counsel has not carried her burden of showing that the personnel files she seeks are relevant. *See Shah v. James P. Purcell Associates, Inc.*, No. 05-CV-306, 2006 WL 988245, at *3 (D. Conn. Apr. 12, 2006) (denying the plaintiff's motion to compel because he failed to make a "particularized showing of why the information contained in each individual personnel file is relevant"). Critically, although Plaintiff's counsel contends that she is seeking the "personnel files of comparators," Pl.'s Disc. Mot. at 3, she has not even identified the comparators nor demonstrated that 18 District employees referenced in her document request are "proper comparators, that is, persons who are similarly situated to [Plaintiff]." *Russo-Lubrano v. Brooklyn Fed. Sav. Bank*, No. 06- CV-672, 2007 WL 2126086, at *1 (E.D.N.Y. July 23, 2007) (citing *Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) ("To be 'similarly situated,' the individuals with whom Shumway attempts to compare herself must be similarly situated in all material respects."); *Lizardo v. Denny's, Inc.*, 270

F.3d 94, 101 (2d Cir. 2001) (key for being proper comparators is that they be similar in significant respects)). "An employee is similarly situated to co-employees if they were (1) 'subject to the same performance evaluation and discipline standards' and (2) 'engaged in comparable conduct.'" *Ruiz v. County of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)). In this case, counsel has made no attempt whatsoever to show that Plaintiff and the 18 District employees identified in Document Request No. 7 "were subject to the same performance evaluation and discipline standards" in order to meet the first prong the similarly situated test. *Id.*

As for the second prong, Plaintiff merely asserts that these District employees "were identified by deponents as having engaged in misconduct." Pl.'s Disc. Mot. at 3. This barebones assertion falls well short of demonstrating that the District employees identified by Plaintiff "engaged in comparable conduct" for purposes of a "similarly situated" analysis. *Ruiz*, 609 F.3d at 494. In this case, Plaintiff was arrested on charges of driving while intoxicated and criminal possession of a weapon. Compl. ¶¶ 17-20, 54, 59. Plaintiff eventually pleaded guilty "to the unclassified misdemeanor of driving while intoxicated," but the criminal possession of a weapon charges were "dropped." *Id.* ¶¶ 69-70. Plaintiff contends that, *inter alia*, the District Defendants' decision to bring Section 3020-a disciplinary proceedings against him based on his DWI conviction and the "unsubstantiated" weapons charges was motivated by racial discrimination. *See id.* ¶¶ 146-50. While Plaintiff need not show that that a comparator's conduct was "identical," "the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases . . . In other words, the comparator must be similarly situated to the plaintiff in all material respects." *Ruiz*, 609 F.3d at 494 (quoting *Shumway*, 118 F.3d at 64) (internal quotation marks and alterations omitted). Plaintiff cannot meet

this standard merely by contending that the alleged comparators engaged in unspecified "misconduct," particularly given the specificity of Plaintiff's conduct at issue in this case – *i.e.*, his conviction of misdemeanor DWI and the fact that he was charged with (though not convicted of) criminal possession of a weapon.  Pl.'s Disc. Mot. at 3.[5]

In sum, because Plaintiff's counsel has not provided information tending to show that Plaintiff and the identified employees are similarly situated, Plaintiff has not established the relevance of the personnel files.  Accordingly, Plaintiff's application to compel production of the personnel files is DENIED.  *See, e.g.*, *Gaymon v. MTA Bus Co.*, No. 12-CV-4830, 2015 WL 1014067, at *2 (E.D.N.Y. Mar. 6, 2015), *appeal dismissed* (July 16, 2015) (stating that the magistrate judge "properly denied Gaymon's motion to compel the production of Meehan's personnel file, as Meehan clearly was not similarly situated to Gaymon"); *Dzanis v. JPMorgan Chase & Co.*, No. 10-CV-3384, 2011 WL 5979650, at *10 (S.D.N.Y. Nov. 30, 2011) (denying

---

[5]    Defendant Ogeka and David Zimbler are among the 18 District employees listed in Plaintiff's request for personnel files.  *See* DE 76-3.  Plaintiff alleges in the Complaint that, while he was disciplined for his DWI conviction, Ogeka and Zimbler – "two white administrators" – "were not actually disciplined, but were permitted to continue to work in their regular school environment and were not stripped of any of their regular assignments or contact with District staff and students."  Compl. ¶ 149.  Plaintiff goes on to assert that "Ogeka was involved in the endangerment of a minor, resulting in the death of the student, but was never discipline[d]," and was "also shielded from disciplinary action related to his mishandling of surveillance cameras in connection with the death of a High School student."  *Id.*¶ 150.

     Plaintiff's counsel does not even reference these allegations in her motion to compel or otherwise attempt to show that Ogeka and Zimbler are similarly situated to Plaintiff.  *See* Pl.'s Disc. Mot. at 3. The Court therefore declines to compel the District Defendants to produce Ogeka' and Zimbler's personnel files based solely on the allegations in the Complaint.  The Court notes, however, that Plaintiff's counsel has been permitted to renew her motion to compel with respect to, *inter alia*, Interrogatory No. 11, which asks the District Defendants to "[i]dentify any and all disciplinary actions ever taken against David Zimbler during the course of his employment, including the nature of the disciplinary action, the date of the disciplinary action and the outcome of the disciplinary action."  *See* DE 76-1.

production of a personnel file where plaintiff failed to provide sufficient information to demonstrate that the employee and plaintiff were similarly situated); *Fitzgerald v. Chubb & Son Inc.*, No. 10-CV-848, 2011 WL 2470701, at *2 (D. Conn. June 20, 2011) (denying request for "disclosure of any warnings or disciplinary memoranda from the comparators' personnel files" where the plaintiff "has not made a showing for this information"); *see generally Bagley v. Yale Univ.*, No. 13-CV-01890, 2015 WL 8750901, at *9 (D. Conn. Dec. 14, 2015) (declining to compel production of personnel files of alleged comparators where "no present need or value is presently discernible with respect to . . . [those] files").

### 4. Additional Depositions

During the August 4, 2015 conference, Plaintiff's counsel informed the Court that she intended to depose 10 individuals and possibly other individuals from the Suffolk County District Attorney's Office and Southampton Village Police Department once they were identified by the District Defendants. *See* DE 58 ¶ 10. The Court reminded Plaintiff's counsel that the Federal Rules of Civil Procedure provide for "a presumptive limit of 10 depositions per party." *Id.* The Court further stated:

> If Plaintiff's counsel wishes to go beyond that limit, she must take her 10 depositions and then make a motion setting forth (1) the names of the additional witnesses she wishes to depose, (2) the positions/jobs each one holds, (3) what information each one has that is material to the claims and defenses raised in the case, and (4) why the testimony of each one would not be duplicative. The Court expects the parties to meet-and-confer before approaching the Court for permission to make a motion.

*Id.*

Plaintiff's counsel now seeks permission to conduct seven (7) depositions in addition to the 10 depositions she has already taken in this action. *See* Pl.'s Disc. Mot. at 3. Specifically, Plaintiff

requests to depose four non-party witnesses – ADA Skoupa, Sgt. Detective Lamison, Attorney

Venator, and Attorney Powers – as well as District Defendants Koukounas, Dorr and Carson.  *Id.*

The District Defendants oppose Plaintiff's application in its entirety.  *See* District's Disc. Opp'n at

2-3.  Counsel for Attorney Venator also opposes the application to the extent Plaintiff seeks to

depose Attorney Venator and Attorney Powers.  *See* Venator Opp'n.

As the District Defendants and Attorney Venator point out in their opposition papers,

Plaintiff's application does not comply with the Court's directives from the August 4, 2015

conference.  *See* DE 58 ¶ 10.  Aside from providing the last names and job titles of the proposed

witnesses, as well as (in most cases) a general description of the information counsel hopes to

obtain from those witnesses, Plaintiff's counsel has not explained how the information she seeks

"is material to the claims and defenses raised in the case."  *Id.*; *see* Pl.'s Disc. Mot. at 3.  Nor has

Plaintiff addressed "why the testimony of each [witness] would not be duplicative."  DE 58 ¶ 10.

This information is critical to the Court's determination whether to allow Plaintiff to

exceed the presumptive limit of 10 depositions pursuant to Federal Rule of Civil Procedure

30(a)(2)(A).  *See RxUSA Wholesale, Inc. v. McKesson Corp.*, No. 06- CV-4343, 2007 WL

1827335, at *2 (E.D.N.Y. June 25, 2007) ("Fed. R. Civ. P. 30(a)(2)(A) presumptively limits the

number of depositions each side may conduct to ten.").  Under that Rule, the court "must grant

leave" for a party to exceed ten depositions if the party's application is "consistent with Rule

26(b)(1) and (2)."  Fed. R. Civ. P. 30(a)(2), (a)(2)(A)(i).  Rule 26(b)(2)(C) states:

> On motion or on its own, the court must limit the frequency or extent
> of discovery otherwise allowed by these rules or by local rule if it
> determines that:
>
> (i) the discovery sought is ***unreasonably cumulative or duplicative,
> or can be obtained from some other source that is more convenient,
> less burdensome, or less expensive***;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (emphasis added); *see, e.g.*, *In re Weatherford Int'l Sec. Litig.*, No. 11-CV-1646, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (citing Rule 26(b)(2)(C) and stating that "[t]he court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit.").  Rule 26(b)(1) defines the scope of discovery as

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).[6]  The burden of demonstrating relevance is on the party seeking the additional depositions.  *Lent v. Signature Truck Sys., Inc.*, No. 06-CV-569, 2010 WL 1707998, at

---

[6]	On December 1, 2015 – a few weeks before Plaintiff's counsel filed her second motion to compel – Rule 26 was amended to, *inter alia*, incorporate the "proportionality factors" which previously appeared in Rule 26(b)(2)(C)(iii) into the Rule 26(b)(1) definition of the scope of discovery.  *Sibley v. Choice Hotels Int'l*, No. 14- CV-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015); *see Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016) ("The 2015 amendments, however, did not establish a new limit on discovery; rather they merely relocated the limitation from Rule 26(b)(2)(C)(iii) to Rule 26(b)(1).").  As explained in the Advisory Committee's Note to the December 2015 amendment, the amended Rule 26(b)(1) "restores the proportionality factors to their original place in defining the scope of discovery" and "reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections."  Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015); *see Sibley*, 2015 WL 9413101, at *2.  The amended Rule 26(b)(2)(C)(iii) also "reflect[s] the transfer of the considerations that bear on proportionality to Rule 26(b)(1)" and

*2 (W.D.N.Y. Apr. 26, 2010) (citing *Mandell v. Maxon Co.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y.2007)); *see also In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923, at *2 (finding that request for additional depositions was made "in good faith and is reasonably calculated to lead to the discovery of admissible evidence"). However, "even if 'a witness might have discoverable information, a party is not always entitled to depose that individual.'" *In re Weatherford Int'l Sec. Litig.*, 2013 WL 5762923, at *2 (quoting *Commodity Futures Trading Comm'n v. Commodity Inv. Grp., Inc.*, No. 05-CV-5741, 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005)); *see, e.g.*, *RxUSA Wholesale*, 2007 WL 1827335, at *2.

For all of the foregoing reasons, and particularly the failure of Plaintiff's counsel to comply with the explicit directives given to her about what she needed to address if she proceeded with this type of motion, Plaintiff's motion to take the additional depositions is DENIED.

---

the notion that "[t]he court still must limit the frequency or extent of proposed discovery, on motion or on its own, if it is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2), Advisory Comm. Notes (2015).

Overall, "the amended Rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016). Moreover, "the 2015 Amendments constitute a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi*, 2016 WL 616386, at *13 (citing *Robertson v. People Magazine*, No. 14-CV-6759, 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly."); *see* Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015) (stating that "[r]estoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality," and that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes").

### 5. Extension of the Deadline to Complete Fact Discovery

Lastly, Plaintiff seeks an extension of the December 31, 2015 deadline to complete fact discovery in this matter. *See* Pl.'s Disc. Mot. at 3. The District Defendants do not oppose this request. District's Disc. Opp'n at 3.

Based on the pending motions in this case, Plaintiff's request for an extension has *ipso facto* been realized by the passage of time. Therefore, the Court is deeming this application moot. The Court will reset the remaining pre-trial deadlines in this matter following the Court's review and determination of (1) the documents forwarded to Chambers for *in camera* review, and (2) Plaintiff's renewed motion to compel (if any), which must be in submitted accordance with the directives in this Memorandum and Order.

For the foregoing reasons set forth in this Memorandum and Order, Plaintiff's motions to compel [DE 67 and DE 76] are GRANTED, in part, and DENIED, in part.

**SO ORDERED.**

Dated: Central Islip, New York
August 26, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge